**In re ALERTEK SECURITY SYSTEMS, INC., Employer ID No. 85–0239344, Debtor.**

**FIRST NATIONAL BANK IN ALBUQUERQUE, Plaintiff,**

v.

**ALERTEK SECURITY SYSTEMS, INC., et al., Defendants.**

Bankruptcy No. 80–01234 M A.
Adv. No. 81–0034.

United States Bankruptcy Court,
D. New Mexico.

June 3, 1982.

Robert M. St. John, Albuquerque, N. M., for plaintiff.

Douglas T. Francis, Albuquerque, N. M., for defendant Alertek.

Rebecca Sitterly, Albuquerque, N. M., for defendant E. Frankel.

Hunter L. Geer, Albuquerque, N. M., for defendant B. Frankel.

John M. Eaves, Albuquerque, N. M., for defendant Sizemore.

John R. Tiwald, Albuquerque, N. M., for defendants Brackett.

Dale Walker, Albuquerque, N. M., for defendants Armijo.

Duane F. Keating, Albuquerque, N. M., for defendant Cornaby.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court March 31, 1982, on plaintiff's Motion for Summary Judgment against defendants Edwin W. Frankel, Barbara Y. Frankel, Luther Sizemore, Ted Brackett, Eloise M. Brackett, Joe Armijo, Mary Lou Armijo, and K. S. Cornaby. This opinion relates to the Motion for Summary Judgment against defendant Cornaby.

The motion alleges no material question of fact as to defendant Cornaby's obligation to pay on a continuing guaranty of a promissory note of Alertek Security Systems, Inc., to the extent of the principal sum of $50,000.00 with interest accrued and accruing on the principal sum. Defendant Cornaby argues that there are genuine issues of material fact regarding these transactions and therefore that the motion should be denied.

In deciding a motion for summary judgment, the Court must first turn to Rule 56 of the Federal Rules of Civil Procedure as directed by Bankruptcy Rule 756, and this Court is bound by federal law concerning the interpretation of that rule.

It is well-established that in deciding a motion for summary judgment, courts construe the facts in favor of the party against whom the summary judgment is sought. *Luckett v. Bethlehem Steel Corporation*, 618 F.2d 1373 (10th Cir. 1980); *Security National Bank v. Belleville Livestock Commission Co., Inc.*, 619 F.2d 840 (10th Cir. 1979). The movant must show, pursuant to Rule 56(c), that there is no genuine issue of material fact. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). However, Rule 56(e) provides that where a movant supports his motion with affidavits made on personal knowledge, sworn or certified copies of all papers or parts thereof referred to in the affidavits, depositions, answers to interrogatories, or further affidavits, the adverse party may not rest on his pleading, but must set forth facts. Fed.R.Civ.P. 56(e). This rule was interpreted by the Supreme Court of the United States in *First National Bank of Arizona v. Cities Service Co., supra.* In that case, the movant for summary judgment produced affidavits dealing directly with the allegations in the pleadings upon which the adverse party relied as showing a genuine issue of material fact. The court in that case stated: "[W]hat Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him." *Id.*, 391 U.S. 253 at 289, 88 S.Ct. 1575 at 1592, 20 L.Ed.2d 569 at 592.

This Court finds that certain of the movant's allegations are properly supported as required and that defendant Cornaby has failed to set forth facts showing a genuine issue in regard to these allegations.

This Court finds that partial summary judgment should be granted to plaintiff on the following issues as to defendant Cornaby:

1. On May 12, 1978, a line of credit was established at the First National Bank in Albuquerque for Alertek Security Systems, Inc., in the principal sum of $50,000.00. This line of credit was evidenced by a promissory note dated May 12, 1978, executed by Edwin W. Frankel for Alertek Security Systems, Inc.

2. On September 1, 1978, a second line of credit was established for the benefit of Alertek Security Systems, Inc., in the principal sum of $50,000.00. This line of credit was evidenced by a promissory note dated September 1, 1980, executed individually by Luther Sizemore, Joe Armijo, Edwin W. Frankel, and Ted Brackett.

3. On December 20, 1978, Luther Sizemore, Joe Armijo, Edwin Frankel, and Ted Brackett executed a promissory note in the principal sum of $50,000.00 payable to the First National Bank in Albuquerque.

4. On April 2, 1979, Edwin W. Frankel executed, on behalf of Alertek Security Systems, Inc., a promissory note in the principal sum of $100,000.00 payable to the First National Bank in Albuquerque.

5. On October 1, 1979, Luther Sizemore executed, on behalf of Alertek Security Systems, Inc., a promissory note in the amount of $95,000.00 payable to the First National Bank in Albuquerque.

6. As of June 1, 1981, there was due and owing to the First National Bank in Albuquerque on the indebtedness of Alertek Security Systems, Inc., the principal sum of $84,630.20 with accrued interest in the sum of $16,086.79.

7. A continuing guaranty in the principal sum of $50,000.00, dated May 30, 1978, from K. S. Cornaby was executed and delivered to the First National Bank in Albuquerque by defendant Cornaby.

This Court further finds that certain of First National Bank's allegations are not properly supported in the fact of defendant Cornaby's affirmative defenses, and that certain of these allegations and affirmative defenses are actually and in good faith controverted and should be preserved for trial on the merits pursuant to Fed.R.Civ.P. 56(d). These issues are as follows:

1. The First National Bank in Albuquerque has waived, if any ever existed, its right to recover against the defendant Cornaby, through its actions of taking new guaranties and issuing a new note following that one guarantied by defendant Cornaby and by further extending credit.

2. The First National Bank in Albuquerque is barred from recovery against defendant Cornaby because of accord and satisfaction for the note, made by those additional notes which were payoffs of the note alleged to be guarantied by defendant Cornaby.

3. The First National Bank in Albuquerque is barred from recovery against defendant Cornaby on its complaint because of payment in full on the note alleged to be secured by the continuing guaranty of defendant Cornaby.

4. The First National Bank in Albuquerque is estopped from attempting to recover against defendant Cornaby by virtue of its continued dealings and renegotiations with the remaining defendants and its acceptance of new notes and new continuing guaranties by other defendants in this cause, which had the effect of notifying defendant Cornaby that new consideration had been given for the note which defendant Cornaby is alleged to have guarantied.

Accordingly, as to these controverted issues, plaintiff's motion for summary judgment should be denied.

An appropriate order shall enter.

## ORDER

It is ordered that plaintiff have partial summary judgment against defendant K. S. Cornaby as to the following issues:

1. On May 12, 1978, a line of credit was established at the First National Bank in Albuquerque for Alertek Security Systems, Inc., in the principal sum of $50,000.00. This line of credit was evidenced by a promissory note dated May 12, 1978, executed by Edwin W. Frankel for Alertek Security Systems, Inc.

2. On September 1, 1978, a second line of credit was established for the benefit of Alertek Security Systems, Inc., in the principal sum of $50,000.00. This line of credit was evidenced by a promissory note dated September 1, 1980, executed individually by Luther Sizemore, Joe Armijo, Edwin W. Frankel, and Ted Brackett.

3. On December 20, 1978, Luther Sizemore, Joe Armijo, Edwin Frankel, and Ted Brackett executed a promissory note in the principal sum of $50,000.00 payable to the First National Bank in Albuquerque.

4. On April 2, 1979, Edwin W. Frankel executed, on behalf of Alertek Security Systems, Inc., a promissory note in the principal sum of $100,000.00 payable to the First National Bank in Albuquerque.

5. On October 1, 1979, Luther Sizemore executed, on behalf of Alertek Security Systems, Inc., a promissory note in the amount of $95,000.00 payable to the First National Bank in Albuquerque.

6. As of June 1, 1981, there was due and owing to the First National Bank in Albuquerque on the indebtedness of Alertek Security Systems, Inc., the principal sum of $84,630.20 with accrued interest in the sum of $16,086.79.

7. A continuing guaranty in the principal sum of $50,000.00, dated May 30, 1978, from K. S. Cornaby, was executed and delivered to the First National Bank in Albuquerque by defendant Cornaby.